LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-06486-BRO (SK)<br>CV 16-06499-BRO (SK), | Date | November 4, 2016 |
|---|---|---|---|
| Title | GAME AND TECH. CO. LTD v. RIOT GAMES, INC.<br>GAME AND TECH. CO. LTD v. BLIZZARD ENTM'T, INC. | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** |
|---|---|

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION TO STAY PENDING *INTER PARTES* REVIEW**

## I.    INTRODUCTION

Defendants Blizzard Entertainment, Inc. ("Blizzard") and Riot Games, Inc. ("Riot Games") (collectively, "Defendants") each filed a motion to stay litigation pending *inter partes* review ("IPR") of U.S. Patent Nos. 8,035,649 ("the '649 Patent"), 8,253,743 (the '743 Patent"), and 7,682,243 ("the '243 Patent") (collectively, "Asserted Patents").[1] Plaintiff Game and Technology Co. Ltd. ("Plaintiff") opposes the motion.

After considering the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for resolution without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, Defendants' motion is **GRANTED**.

## II.    PROCEDURAL BACKGROUND

On July 9, 2015, Plaintiff brought two separate actions in the Eastern District of Texas.  One was against Blizzard for alleged infringement of the Asserted Patents, and the other was against Riot Games for alleged infringement of the '649 and '743 Patents. *Game and Technology Co., Ltd. v. Blizzard Entertainment, Inc.*, No. 2:15-cv-01257,

---

[1] The motions are substantively identical for each defendant.  To simplify the discussion in this Order, citations to the docket are to those filed in the *Blizzard* action, unless otherwise stated.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-06486-BRO (SK)<br>CV 16-06499-BRO (SK), | Date | November 4, 2016 |
|---|---|---|---|
| Title | GAME AND TECH. CO. LTD v. RIOT GAMES, INC.<br>GAME AND TECH. CO. LTD v. BLIZZARD ENTM'T, INC. | | |

Dkt. 1 (E.D. Tex. July 9, 2015); *Game and Technology Co., Ltd. v. Riot Games, Inc.*, No. 2:15-cv-01258, Dkt. 1 (E.D. Tex. July 9, 2015).

The '649 Patent was issued in 2011 to Dae Il Kim, the '743 Patent was issued in 2012 to Joon-Mahn Lee, and the '243 Patent was issued in 2010 to Byoung Wook Kim. (Dkt. 1 at 3.) All three patents were subsequently licensed to Plaintiff. (*Id.*) Plaintiff alleges that Defendants infringe the Asserted Patents by manufacturing, maintaining, selling, and distributing online video games such as World of Warcraft, Diablo III, and League of Legends. (*Id.*)

The Texas court consolidated the cases for all pre-trial issues and set a trial date for early 2017. (Dkts. 17, 34.) While the case was pending in Texas, the parties exchanged infringement contentions, invalidity contentions (Dkt. 50), and preliminary claim constructions (Dkt. 54.) No claim construction briefs were submitted. The parties engaged in limited discovery, but no expert discovery. (Dkt. 102-1 at 5-6.) The Texas court then granted a motion to transfer the cases to this Court on August 5, 2016. (Dkt. 70.) This Court has not yet held a scheduling conference or set a trial date.

On September 23, 2016, Defendants filed a petition for IPR with the PTO challenging the validity of every claim of the Asserted Patents. (Dkt. 102-1 at 4-5.) On October 10, 2016, Defendants filed this motion to stay the cases pending the PTO's determination of the validity of the Asserted Patents. (Dkt. 102.)[2]

### III. LEGAL STANDARDS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254,

---

[2] The parties dispute whether Defendants' attempt to contact Plaintiff on September 30, and the subsequent meet-and-confer on October 6 comply with Local Rule 7-3. Nevertheless, courts have discretion to consider the merits of the motion if the non-moving party has suffered no apparent prejudice from the failure to comply. *Ketab Corp. v. Mesriani & Assocs.*, No. 2:14-cv-07241, 2015 WL 8022874, at *2-3 (C.D. Cal. Dec. 4, 2015). Here, Plaintiff does not appear to have suffered any prejudice, and the Court elects to consider the merits of the motion to stay. The Court admonishes the parties to follow the Local Rules. Failure to do so may result in sanctions.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-06486-BRO (SK)<br>CV 16-06499-BRO (SK), | Date | November 4, 2016 |
|---|---|---|---|
| Title | GAME AND TECH. CO. LTD v. RIOT GAMES, INC.<br>GAME AND TECH. CO. LTD v. BLIZZARD ENTM'T, INC. | | |

57 S. Ct. 163, 81 L. Ed. 153 (1936). This inherent power includes "the authority to order a stay of litigation pending the reexamination of a patent by the PTO." *Polaris Indus., Inc. v. BRP U.S. Inc.*, No. 12-01405 (ADM/SER), 2012 WL 5331227, at *1 (D. Minn. Oct. 29, 2012) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted)); 35 U.S.C.A. § 315(a)(3). The party seeking a stay bears the burden of showing that such a course is appropriate. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

While the case law enumerates several general considerations that are helpful in determining whether to order a stay, ultimately "the totality of the circumstances governs." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013). In determining whether to stay a case pending *inter partes* review, the courts generally consider three factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *Id*. at 1030-31.

While "there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of re-examination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery[,]" *Aten Int'l. Co., Ltd. v. Emine Tech. Co., Ltd.,* No. SACV 09-0843-AJG, 2010 WL 1462110 at *6 (C.D. Cal. Apr. 12, 2010) (citations and internal amendments omitted), there is no *per se* rule that patent cases should be stayed pending reexaminations. *Tokuyama Corp. v. Vision Dynamics, LLC*, No. 08-cv-02781-SBA, 2008 WL 4452118, at *2 (N.D. Cal. Oct. 3, 2008). "If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts," *Comcast Cable Commc'ns Corp. v. Finisar Corp.*, C 06-04206-WHA, 2007 WL 1052883, at *1 (N.D. Cal. Apr. 5, 2007).

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-06486-BRO (SK)<br>CV 16-06499-BRO (SK), | Date | November 4, 2016 |
|---|---|---|---|
| Title | GAME AND TECH. CO. LTD v. RIOT GAMES, INC.<br>GAME AND TECH. CO. LTD v. BLIZZARD ENTM'T, INC. | | |

## IV. ANALYSIS

### A. Stage of the Proceeding

The first factor is the stage of the proceedings, including "whether discovery is complete and whether a trial date has been set." *See Universal Elecs.*, 943 F. Supp. 2d at 1030–31 (C.D. Cal. 2013).

Here, the two cases have only recently been transferred from the Eastern District of Texas. This Court has not held a scheduling conference nor scheduled a trial date. Discovery began while the cases were in Texas, with some interrogatories and requests for production, but no depositions have been scheduled and no expert discovery has occurred. (Dkt. 102-1 at 11.) Further, although preliminary claim constructions have been exchanged, no claim construction briefs have been filed. Thus, the cases are still in their early stages. *See Aten*, 2010 WL 1462110, at *6-7 (finding that the early stage of the proceedings weighed in favor of granting a stay where the parties had exchanged infringement contentions and served interrogatories and requests for production before the case was transferred from the Eastern District of Texas, and a new scheduling conference had occurred and a trial date was set, but no depositions, expert discovery, or claim construction had occurred).

Thus, this factor weighs in favor of granting a stay.

### B. Simplification of the Issues in Question

The second factor the Court considers is "whether a stay will simplify the issues in question and trial of the case." *Aten*, 2010 WL 1462110, at *6. "[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, No. C-94-20775 RPA (EAI), 1995 WL 20470 at *2 (N.D. Cal. Jan. 13, 1995). This is particularly true when a party has requested PTO review of all the asserted claims of the patent in suit. *See Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 WL 4802958 at *3 (N.D. Cal. Oct. 11, 2011) (staying action pending *inter partes* reexamination in part because the defendant's request for

Case 2:16-cv-06499-BRO-SK Document 110 Filed 11/04/16 Page 5 of 7 Page ID #:1278

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-06486-BRO (SK)<br>CV 16-06499-BRO (SK), | Date | November 4, 2016 |
|---|---|---|---|
| Title | GAME AND TECH. CO. LTD v. RIOT GAMES, INC.<br>GAME AND TECH. CO. LTD v. BLIZZARD ENTM'T, INC. | | |

reexamination included all claims at issue in the litigation).

Defendants argue that the IPR could eliminate some or all of the invalidity issues, and that even if the asserted claims survive, the case will be simplified because Defendants will be estopped from asserting invalidity on any ground that it raised or reasonably could have raised during the IPR. (Dkt. 102-1 at 13.) Plaintiff responds that the PTO may not institute the IPR, and if it does, it may not do so on every ground, thus preserving prior art that was not considered and other invalidity theories that are outside the scope of the IPR. (Dkt. 103 at 9-13.)

In this case, Defendants have filed a petition for IPR, but the PTO has not yet instituted proceedings. The undecided status of the petition clouds the simplification inquiry and makes simplification more speculative. "However, if an IPR is not instituted, the stay will be relatively short and the action can continue with minimal delay." *Wonderland Nursery Goods Co., Ltd. v. Baby Trend, Inc.*, No. EDCV 14-01153, 2015 WL 1809309, at *3 (C.D. Cal. Apr. 20, 2015); *see also Universal Elecs.*, 943 F. Supp. 2d at 1033 (finding that the simplification factor weighs in favor of granting a stay despite the USPTO having not yet decided to institute IPR proceedings).

On the other hand, IPR has the potential to simplify the issues in this case. Because Defendants have petitioned for IPR on every claim of every patent in suit, the outcome of the IPR may be case dispositive. Even if IPR is instituted and claims are not cancelled, IPR estoppel will narrow the issues before the Court and prevent Defendants from raising grounds that were or reasonably could have been raised. Significant judicial resources will be saved. *See Wonderland*, 2015 WL 1809309, at *3-4 (C.D. Cal. Apr. 20, 2015).

Thus, this factor weighs in favor of granting a stay.

### C. Undue Prejudice or Clear Tactical Disadvantage

Finally, the Court considers "whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Aten*, 2010 U.S. Dist. LEXIS 46226, 2010 WL 1462110, at *6.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-06486-BRO (SK)<br>CV 16-06499-BRO (SK), | Date | November 4, 2016 |
|---|---|---|---|
| Title | GAME AND TECH. CO. LTD v. RIOT GAMES, INC.<br>GAME AND TECH. CO. LTD v. BLIZZARD ENTM'T, INC. | | |

  Plaintiff argues that Defendants are seeking to obtain a tactical advantage to continue infringing activity by filing the petition for IPR only days before the statutory one-year deadline. (Dkt. 103 at 13.) Plaintiff also argues that Defendants had plenty of time to develop their invalidity theories because they had already served invalidity contentions and exchanged preliminary claim constructions. (*Id.* at 14.)

  The evidence, however, does not support a finding of undue delay. While the case was pending in Texas, Defendants filed a motion to stay the proceedings pending the outcome of the motion to transfer venue. (Dkt. 40.) The Texas court never issued a decision on that motion, so Defendants proceeded to exchange contentions and preliminary claim constructions. There is no evidence that Defendants strategically chose to wait for these exchanges before filing the petition for IPR, and no explanation that they gained an advantage by waiting. Moreover, Defendants filed the IPR petitions only three months after serving its contentions, which does not appear to be an unreasonable timeframe to prepare and file the IPR petitions.

  Plaintiff further argues that it has an interest in the timely enforcement of its patent rights, even as a non-practicing entity, and a stay would cause significant prejudice to Plaintiff. (Dkt. 103 at 15.) But "[m]ere delay in litigation does not establish undue prejudice." *Universal Elecs.*, 943 F. Supp. 2d at 1033. "Protracted delay is always a risk inherent in granting stay" and "[t]he general prejudice of having to wait for resolution is not a persuasive reason to deny a motion for stay." *Wonderland*, 2015 WL 1809309, at *4. Plaintiff has not shown any unique prejudice than that inherent in granting a stay.

  Notably, Plaintiff is a non-practicing entity that licenses its intellectual property and does not compete directly with Defendants. (Dkt. 102-2 at 18-19; Dkt. 103 at 14-15.) Monetary damages would adequately compensate Plaintiff and a stay would merely delay collection of the monetary damage. *Limestone v. Micron Tech.*, No. SACV-15-0278, 2016 U.S. Dist. LEXIS 90742, at *16-17 (C.D. Cal. Jan. 12, 2016) (finding that the plaintiff did not suffer undue prejudice because it was a non-practicing entity and that any damages would be compensable).

  The Court finds that this factor weighs in favor of granting a stay.

LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 16-06486-BRO (SK)<br>CV 16-06499-BRO (SK), | Date | November 4, 2016 |
|---|---|---|---|
| Title | GAME AND TECH. CO. LTD v. RIOT GAMES, INC.<br>GAME AND TECH. CO. LTD v. BLIZZARD ENTM'T, INC. | | |

## V. CONCLUSION

Having reviewed the relevant factors and considered the totality of circumstances in this case, the Court finds that the issuance of a stay pending the *inter partes* review has the potential of substantially simplifying the issues before the Court, and would serve the interest of judicial economy. For these reasons, Defendants' motion to stay pending *inter partes* review is **GRANTED**.

The Court VACATES the hearing in this matter set for November 7, 2016.

IS HEREBY ORDERED that this action is removed from the Court's active caseload until further application by the parties or Order of this Court.

In order to permit the Court to monitor this action, the Court orders the parties to file periodic status reports. The first such report is to be filed on February 6, 2017, unless the stay is lifted sooner. Successive reports shall be filed every 90 days thereafter. Each report must indicate on the face page the date on which the next report is due. All pending calendar dates are vacated by the Court.

**IT IS SO ORDERED.**

                                              Initials of Preparer